**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LEAH DONAHOU**                                                                             **PLAINTIFF**

**V.**                      **CASE NO. 4:19-CV-857-KGB-BD**

**ANDREW SAUL, Commissioner
Social Security Administration**[1]                                       **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Kristine G. Baker. Either party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must filed within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

**I.**   **Introduction:**

On October 19, 2017, Leah Donahou applied for disability benefits, alleging disability beginning October 15, 2017. (Tr. at 10) Her claims were denied both initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied the application. (Tr. at 22) Ms. Donahou requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security Administration. He is substituted, therefore, as the Defendant. Fed. R. Civ. P. 25(d)

decision now stands as the final decision of the Commissioner. Ms. Donahou filed this case seeking judicial review of the decision denying her benefits.

## II. The Commissioner's Decision:

The ALJ found that Ms. Donahou had not engaged in substantial gainful activity since her alleged onset date of October 15, 2017.[2] (Tr. at 12) At step two of the five-step analysis, the ALJ found that Ms. Donahou had the following severe impairments: hypertension, chronic lumbar pain syndrome, obesity, depression with psychotic features, and anxiety. *Id*.

After finding that Ms. Donahou's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Ms. Donahou had the residual functional capacity (RFC) to perform work at the light exertional level, with the additional limitations that she could perform only simple tasks with simple instructions with only incidental contact with the public. (Tr. at 14)

The ALJ found that Ms. Donahou was unable to perform any of her past relevant work. (Tr. at 20) Relying upon the testimony of a Vocational Expert (VE), the ALJ found, based on Ms. Donahou's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that she could perform, including

---

[2] At times throughout the relevant time-period, Ms. Donohou worked part-time as a clerk or cashier. (Tr. at 50-57)

work as content inspector, conveyor line bakery worker, and warehouse checker. (Tr. at 21) Thus, the ALJ determined that Ms. Donahou was not disabled. *Id*.

### III. Discussion:

    A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the Commissioner's] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Donahou's Arguments on Appeal

Ms. Donahou maintains that the decision to deny benefits is not supported by substantial evidence. She argues that: (1) the ALJ erred at step two when he determined that schizophrenia was not a severe impairment; (2) he failed to assess schizophrenia in his Listing of Impairments discussion at step three; (3) he failed to fully develop the record; and (4) the RFC did not fully incorporate all limitations. Because the ALJ did not properly evaluate and discuss Ms. Donahou's schizophrenia, reversal is warranted.

Ms. Donahou testified that she had suffered from schizophrenic symptoms, including hallucinations and homicidal ideation, for years but that she did not report those

symptoms to a provider until 2015. (Tr. at 47-71) She was hospitalized for one week at a psychiatric facility in 2015 due to hallucinations, homicidal thoughts, and hearing dangerous voices. *Id.* Ms. Donahou went on short-term disability at that time. *Id.* The treating psychiatrist at the hospital prescribed Risperdal, an anti-psychotic medication; but according to Ms. Donahou's testimony, the medication did not stop her hallucinations. (Tr. at 65-68) Notes from Ms. Donahou's treating psychiatrist, Kevin Price, M.D., showed that Risperdal was later discontinued, and she was prescribed Rexulti instead.[3] (Tr. at 331, 360)

At the time of the hearing in December 2018, Ms. Donahou stated that Rexulti was no longer effective; she testified that two weeks prior to the hearing, she had frightening homicidal urges to stab her daughter's aunt while the aunt was in the home where Ms. Donohou lived with her eight-year-old daughter.[4] (Tr. at 53-62) Ms. Donahou explained that this caused a mental breakdown, exacerbated by nightmares. She reportedly called her current boss for help, but to no avail. (Tr. at 73) Ms. Donahou testified that, during two months of part-time work, she had been absent due to symptoms a total of 5 days. (Tr. at 73-74)

---

[3] Rexulti is an anti-psychotic medication used to treat schizophrenia. (Tr. at 57-58); https://www.mayoclinic.org/diseases-conditions/schizophrenia/diagnosis-treatment/drc-20354449

[4] Ms. Donahou's therapist was concerned about her access to knives. When asked by her attorney if she had knives at work, Ms. Donahou responded: "just one." (Tr. at 71)

4

As a result of her rapid destabilization in December 2018, Ms. Donahou's long-time therapist, Arthur Duran, LPC, put her on a two-week medical leave from her part-time job, with the instructions that she not be left alone at work or overnight. (Tr. at 27-28, 70-75) Ms. Donahou immediately asked a friend to stay with her for two weeks. She was due to return to work the day after the hearing. *Id.*

The two state-agency non-examining psychiatric experts diagnosed schizophrenia and other mental disorders, but found that Ms. Donahou's mental impairments were non-severe. (Tr. at 87-102) Dr. Price, who saw Ms. Donahou often throughout the relevant time-period and noted periods of improvement followed by destabilization, opined in a medical source statement that Ms. Donohou would have "no useful ability to function" in eleven cognitive areas due to her schizophrenia. (Tr. at 402). The ALJ found this opinion to be "somewhat persuasive," yet did not find schizophrenia to be a severe impairment at step two—despite all medical experts diagnosing schizophrenia and despite the fact that medication was not altogether effective. Dr. Price and Mr. Duran noted problems with mood, stress management, poor sleep, interpersonal relations, and depression and anxiety. (Tr. at 330-420) Nonetheless, the ALJ preferred evidence that Ms. Donahou sometimes benefited from therapy and had fewer symptoms in making his determination that she was not disabled.[5]

---

[5] Given the unpredictable course of mental illness, "symptom-free intervals and brief remissions are generally of uncertain duration and marked by the impending possibility of relapse." *Andler v. Chater*, 100 F.3d 1389, 1393 (8th Cir. 1996). It is inherent in

Compounding his error at step two, the ALJ also failed to discuss Listing 12.03 (schizophrenia spectrum and other psychotic disorders) at step three of his analysis, even though both state-agency medical experts specifically analyzed the illness under Listing 12.03. 20 C.F.R. Part 404, Subpt. P, App'x. 1, 12.03. The ALJ cited Ms. Donahou's ability to perform some activities of daily living, including driving, caring for her daughter, working part-time, and doing some light chores. (Tr. at 13-14) However, at the hearing, Ms. Donohou explained that she was quite limited in those activities and that her daughter mostly took care of herself.[6] (Tr. at 57-63)

The ALJ made no mention of Ms. Donohou's recent destabilization, which was marked by vivid homicidal ideations, or the stress and fear this caused as it related to Ms. Donohou's young daughter. As she said about the ideations, "it hurts me so much…" (Tr. at 73) This recent episode, paired with the remote week-long inpatient treatment, indicates that schizophrenia was an ongoing struggle for Ms. Donohou, and the ALJ erred by failing to properly consider the condition. Counsel for Ms. Donohou correctly points out that, because of the split in opinions (state-agency experts finding no severe mental impairments and Dr. Price finding severe limitations based on schizophrenia), the ALJ

---

psychotic illnesses that periods of remission will occur, and that such remission does not mean that the disability has ceased. *Miller v. Heckler*, 756 F.2d 679, 681 (8th Cir. 1985).

[6] *See Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) ("Individuals with chronic psychotic disorders commonly have their lives structured in such a way as to minimize stress and reduce their signs and symptoms. Such individuals may be much more impaired for work than their signs and symptoms would indicate").

should have further developed the record, at a minimum. For all of these reasons, the Court finds support for reversal.

## IV. Conclusion:

The Commissioner's decision is not supported by substantial evidence on the record as a whole. The ALJ did not properly evaluate Ms. Donahou's schizophrenia. The Commissioner's decision should be reversed and the case remanded with instructions for further review.

DATED this 14th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE